**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x

Hermelina De La Paz,
on behalf of herself and
all others similarly situated,

                  **COMPLAINT**

           **Plaintiff**

v.                                 **JURY DEMANDED**
                                **JUDGE RAMOS**

Rubin & Rothman, LLC and
Keith Rothman, Esq.

                **Defendants.**
------------------------------------------------------x

Plaintiff Hermelina De La Paz on behalf of herself and all others similarly situated, for her

complaint, alleges, upon personal knowledge as to herself and information and belief as to other

matters, as follows:

## INTRODUCTION

1.      This class action seeks to vindicate the rights of hundreds to thousands of New York

consumers who have been or are being sued in consumer collection actions in which Defendants

Rubin & Rothman, LLC and Keith Rothman, Esq. (collectively "R&R"), representing Capital

One Auto Finance, Inc. caused to be filed Complaints and "Affidavits of Merit" which contain

false and deceptive statements in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.      The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

3.      Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

4.      Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.      Venue in this District is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district and Plaintiff resides in this District.

## PARTIES

6.      Plaintiff, Hermelina De La Paz (De La Paz) is a natural person who has resided at all relevant times in Scarsdale, New York.

7.      De La Paz is a consumer as defined in the FDCPA § 1692a(3).

8.      Defendant Rubin & Rothman, LLC is a law firm engaged in the collection of debts in this state with its principal place of business located at 1787 Veterans Highway, Islandia, NY 11749.

9.      R&R's principal purpose is the collection of debts; and it regularly attempts to collect debts in this state alleged to be due another.

10.     According to its website, R&R "concentrates its practice in the area of consumer collection work and is widely recognized for its expertise in this field. Since 1960, Rubin & Rothman, LLC and its predecessor firm have handled nearly one million collection cases. Its attorneys collectively have over 100 years of experience in collecting debts of all kinds." http://www.rubinrothman.com/aboutus.html

11.     A search of the E-Courts database confirms that R&R is a high volume collection firm – a search of the New York civil courts database indicates that R&R filed over 32,000 collection actions in New York, in 2011 alone.

12.     In sum, R&R is indisputably a debt collector as defined by FDCPA § 1692a(6).

13.     Keith Rothman, Esq has at all relevant times been a principal and owner of Rubin &

2

Rothman, LLC.

14.    Mr. Rothman's principal purpose is the collection of debts; and he regularly attempts to collect debts in this state alleged to be due another.

15.    Mr. Rothman is a debt collector under FDCPA § 1692a(6).

## FACTS

16.    On or about December 29, 2010, R&R, filed a lawsuit against Ms. De La Paz in New York State Supreme Court, Westchester County titled Capital One Auto Finance, Inc, Index Number 31114-10 (hereinafter "State action").

17.    On April 14, 2011 an Affidavit of Service was filed in the State action alleging that service of process had been made on Ms. De La Paz on April 8, 2011 by leaving a copy of the summons and complaint with "John Paz, Husband of the Defendant, at 60 Morrow Ave, Apt. 2RS, Scarsdale, NY 10583."

18.    The Affidavit of Service is false.

19.    Because Ms. De La Paz has never resided at Apt. 2RS at 60 Morrow Ave, Scarsdale, NY 10583 and does not have a husband, she never received notice of the lawsuit filed by R&R.

20.    In fact, Ms. De La Paz, never knew about the lawsuit until after R&R had obtained a default judgment on August 1, 2011.  R&R informed her of the judgment in a letter dated August 4, 2011 that was sent to Ms. De La Paz at her correct residential address, 60 Morrow Ave, Apt. 4BN, Scarsdale, NY 10583.

21.    Through counsel, Ms. De La Paz has filed an Order to Show Cause to Vacate the Default Judgment, which is pending in Westchester County Supreme Court.

22.    The Complaint filed on December 29, 2010 states that "Plaintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original

3

creditor."

23.     Because the underlying account in the State action, relates to a Retail Installment

Contract between Central Park Auto, Inc and Ms. De La Paz that was allegedly assigned to

Capital One Auto Finance, the Complaint is false.  Capital One Auto Finance, Inc is neither the

original creditor nor a "passive debt buyer."

24.     Moreover, the Complaint deceptively suggests that assignee entities known as "passive

debt buyers" do not need to be licensed as debt collectors with the NYC Department of

Consumer Affairs.  This statement is also false.

25.     The NYC Administrative Code § 20-490 requires all debt collection agencies to be

licensed with the NYC Department of Consumer Affairs.  And § 20-489 defines a "debt

collection agency" to include any "buyer of delinquent debt who seeks to collect such debt either

directly or through the services of another" without qualification for "passive" buyer.  Thus, all

assignees of delinquent debt must be licensed in order to collect or bring suit on the assigned

account within New York City.

26.     R&R compounded this deception by submitting an "Affidavit of Fact" from Capital One

Auto Finance, Inc. in support of default judgment that falsely states "[t]his action is based upon a

motor vehicle retail sales agreement or lease entered into between defendant(s) and plaintiff."

27.     Upon information and belief, this boilerplate "Affidavit of Fact" is prepared and

approved by R&R.

28.     Because Capital One Auto Finance never entered into a motor vehicle sales agreement or

lease with Ms. De La Paz, this affidavit of merit is false.

29.     Indeed, upon information and belief, the auto finance loans underlying the lawsuits

brought by R&R, have been pooled into securitized trusts and, pursuant to the relevant trust

4

agreements, pass through a complex web of entities, making the chain of title and Capital One Auto Finance's standing very real concerns.

30.     Upon information and belief, the Complaint and the Affidavit of Merit are forms that are used in hundreds, if not thousands of cases that R&R files against consumers on behalf of Capital One Auto Finance. The deceptive statements in these form pleadings misstate Capital One Auto Finance's status in relation to the retail installment contract and obscure the need for R&R, as its counsel, to come forward with any proof of a chain of title to the account created by that contract.

31.     Put differently, because R&R misrepresents Capital One Auto Finance status, both consumers and the courts are mislead into believing that assignment/standing is a non-issue.

32.     The complaint in the State action was signed by R&R staff attorney, Adam V. Acuff, Esq.

33.     The application for default judgment which included the false and deceptive Affidavit of Merit from Capital One Auto Finance, was signed by R&R attorney, Valerie Watts, Esq.

34.     It is apparent based on the facts above, that Mr. Acuff and Ms. Watts did not meaningfully review Ms. De La Paz's account file or any of the pleadings and motions, before signing the pleadings and motions and causing them to be filed with the New York State Supreme Court, Westchester County.

35.     Upon information and belief, R&R's failure to review the pleadings and motions before filing them, far from an anomaly, is part of the business plan developed by Defendants, who have found that meaningful pre-filing review is not as profitable as filing of pleadings and motions without review, because the overwhelming majority of consumer collection actions are won on default or against unsophisticated *pro se* litigants who are, as a practical matter,

incapable of meaningfully challenging deceptive, boilerplate consumer collection pleadings and motions.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff brings this action on behalf of herself and all other similarly situated people. Plaintiff seeks to represent a Class defined as follows:

> All persons who have been sued in a consumer collection action commenced in New York State between December 29, 2010 and December 28, 2011 in which R&R represented Capital One Auto Finance, and filed a complaint containing the statement that "[p]laintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor," and/or filed an "Affidavit of Merit" that contains the statement that "[t]his action is based upon a motor vehicle retail sales agreement or lease entered into between defendant(s) and plaintiff."

37.    Excluded from the Class are all claims for personal injury. anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her immediate family and staff.

38.    This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

39.    <u>Numerosity</u>. Members of the Class are so numerous that their individual joinder herein is impracticable. Upon information and belief, R&R filed hundreds, if not thousands, of the form Complaints and Affidavits of Merit described here, in cases against consumers on behalf of Capital One Auto Finance.  Although the exact number of Class members and their addresses are unknown to Plaintiffs, they are readily ascertainable from Defendants' records.

40.    Existence and predominance of common questions. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class members. These common questions include:

(a)    Whether Defendants, by act or omission, falsely represented to the class and New York courts that their client was an original creditor and/or entered into a retail sales or lease agreement with a class member.

(b)    Whether Defendants are engaged in unfair and/or deceptive debt collection practices in violation of 15 USC 1692 et seq.

(c)    Whether Plaintiffs and the other Class members are entitled to statutory damages, costs and attorneys fees under the FDCPA.

41.    Typicality. Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff was sued in a consumer collection action in New York State in which (1) R&R represented Capital One Auto Finance; (2) the form complaint contained the false statement that "Plaintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor," and (3) R&R filed the form "Affidavit of Merit" that contains the false statement that "[t]his action is based upon a motor vehicle retail sales agreement or lease entered into between defendant(s) and plaintiff.

42.    Adequacy. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent. Plaintiff has retained counsel competent and experienced in class action/FDCPA litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

43.     Superiority. The class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

44.     In the alternative, the Class may be certified because:

(a)     the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

(b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

45.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

46.    Congress enacted the Fair Debt Collection Practices Act to stop "the use

of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C.

§1692(a).

47.    A debt collector may not "use any false, deceptive, or misleading representation or means

in connection with the collection of any debt." 15 U.S.C. § 1692e.

48.    Such a prohibition includes the false representation of "the character, amount, or legal

status of any debt." 15 U.S.C. § 1692e(2)(A).

49.    Such a prohibition also includes the "use of any false representation or deceptive means

to collect or attempt to collect any debt." 15 U.S.C. §1692e(1 0).

50.    A debt collector may not "use unfair or unconscionable means to collect or

attempt to collect any debt." 15 U.S.C. § 1692f.

51.    By undertaking the above referenced collection activities Defendants repeatedly violated

15 U.S.C. § 1692 *et seq.*

52.    Specifically and without limitation, Defendants violated the FDCPA by:

   a.    Filing a deceptive Complaint which falsely states that "[Capital One Auto

   Finance] is not required to be licensed by the NYC Dept of Consumer Affairs because it

   is a passive debt buyer or the original creditor" in violation of §§ 1692e, 1692e(2)(A),

   1692e(3), 1692e(10), and 1692f

   b.    Filing a false and deceptive "Affidavit of Merit" in support of default judgment

which falsely states "[t]his action is based upon a motor vehicle retail sales agreement or lease entered into between defendant(s) and plaintiff" in violation of §§ 1692e, 1692e(2)(A),1692e(10), and 1692(f);

c.      Filing a Complaint and application for default judgment that were deceptive and misleading in that they were signed by an attorney but were not in fact meaningfully reviewed by an attorney, in violation of §§1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f;

53.     As a direct and proximate result of Defendants' violations of the FDCPA, Plaintiffs have sustained statutory and actual damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
### JUDICIARY LAW § 487

54.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

55.     R&R was guilty of deceit in the State Action.

56.     R&R perpetrated this deceit with intent to deceive the state court, Plaintiff, and all others similarly situated.

57.     Specifically, upon information and belief, and as reviewed above, R&R knowingly and falsely represented that "[Capital One Auto Finance] is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor";

58.     R&R also, upon information and belief, knowingly and falsely represented, by means of the Affidavits of Merit it prepared and/or approved that "[t]his action is based upon a motor vehicle retail sales agreement or lease entered into between defendant(s) and plaintiff";

59.     R&R also, upon information and belief, knowingly and falsey filed a Complaint and

application for default judgment that were deceptive and misleading in that they were signed by an attorney but were not in fact meaningfully reviewed by an attorney.

60.     As set forth above, every one of these false representations was made in a sworn pleading.

61.     These false representations were not only made in sworn pleadings, but are routine and recurring part of R&R's practice before the Courts, that is designed and has the effect of increasing R&R's profits by increasing the number of consumer accounts handled, lowering the cost of handling each account, and hiding from the Court and Defendants the existence of potentially significant defenses.

62.     As a result of these false representations, Plaintiff and all others similarly situation have suffered actual damages.

63.     As a result of R&R's violations of Judiciary Law § 487, Plaintiff and all others similarly situated are entitled to treble his damages, attorney's fees and costs.


**WHEREFORE** plaintiff and members of the class respectfully request that this Court award:

A.  An order certifying this case as a class action under Fed. R. Civ. P. 23;
B.  A judgment declaring that Defendants have committed the violations of law alleged in this action;
C.  An order directing Defendants to cease engaging in debt collection practices that violate the FDCPA and Judiciary Law § 487;
D.  Statutory and actual damages pursuant to the FDCPA;
E.  Actual damages, treble actual damages, attorney's fees and costs pursuant to Judiciary Law § 487;
F.  An order awarding disbursements, costs, and attorneys' fees pursuant to the FDCPA; and
G.  Such other and further relief that may be just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: December 28, 2011
        White Plains, New York

                                        Respectfully Submitted,


                                        _____
                                        Daniel A. Schlanger, Esq.
                                        One of Plaintiff's Attorneys

Plaintiff's Attorneys
Daniel A. Schlanger, Esq.
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph:  914-946-1981
Fax:  914-946-2930

12