UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x     Case No. 11-cv-09625

Hermelina De La Paz, on behalf of herself
and all others similarly situated,

                          Plaintiff

      -against-                                 ANSWER

Rubin & Rothman, LLC and Keith Rothman,
Esq.,

                          Defendants
--------------------------------------------------------x

Defendant, RUBIN & ROTHMAN, LLC and KETIH ROTHMAN, ESQ. ("Defendants"), by their attorney ROBERT L. ARLEO, ESQ., answering the Plaintiff's Complaint dated December 28, 2011 ("hereinafter Plaintiff's Complaint"), sets forth as follows:

1. In regard to the allegations set forth in paragraph 1 of Plaintiff's Complaint, admit that the herein action was commenced under the Fair Debt Collection Practices Act (hereinafter "FDCPA") but otherwise deny that the Defendants committed any violations of the FDCPA.

2. In regard to the allegations set forth in paragraphs 2, 4 and 5 of the Plaintiff's Complaint, leave to the Court all determinations in regard to proper jurisdiction, supplemental jurisdiction and venue.

3. In regard to the allegations set forth in paragraph 11 of the Plaintiff's Complaint no response thereto is required.

4. In regard to the allegations set forth in paragraph 25 of the Plaintiff's Complaint refer to the NYC Administrative Code section referenced therein for the accuracy of the allegations set forth in said paragraph 25 of the Plaintiff's Complaint.

5. In regard to the allegations set forth in paragraphs 18 and 19 of the Plaintiff's Complaint, the Defendants relied in good faith upon the representations of the process service company retained to serve the Plaintiff in regard to the referenced state court action and ar therefore not responsible nor liable for any of the allegations set forth in said paragraphs 18 and 19 of the Plaintiff's Complaint.

6. Admit the allegations set forth in paragraphs 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 21, 22 and 32 of the Plaintiff's Complaint.

7.  Deny the allegations set forth in paragraphs 3, 23, 24, 26, 27, 28, 29, 30, 31, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 61, 62, and 63 of the Plaintiff's Complaint.

8. Deny knowledge or information sufficient to form a belief in as to the allegations set forth in paragraph 20 of the Plaintiff's Complaint.

9. In regard to the allegations set forth in paragraph 33 of the Plaintiff's Complaint admit that the application for default judgment was signed by attorney Valerie Watts and refer to paragraph 5 heretofore herein and incorporate said paragraph by reference in regard to the other allegations set forth in said paragraph 33.

10. In regard to the allegations set forth in paragraph 45 and 54 of the Plaintiff's Complaint refer to the contents of the paragraphs set forth heretofore herein and incorporate same by reference herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. Any violation of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. The Plaintiff failed to mitigate her alleged damages.

DATED: Haines Falls, New York
        March 19, 2012

                                        / s / *Robert L. Arleo*
                                        ROBERT L. ARLEO, ESQ.
                                        (RA 7506)
                                        Attorney for the Defendant
                                        164 Sunset Park Road
                                        Haines Falls, New York 12436
                                        (518)-589-1016

TO:  Schlanger & Schlanger, LLP
       1025 Westchester Avenue
       Suite 108
       White Plains, New York   10604