UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x          Case No. 11-cv-09625

Hermelina De La Paz, on behalf of herself
and all others similarly situated,


                          Plaintiff

            -against-


Rubin & Rothman, LLC and Keith Rothman,
Esq.,


                          Defendants

-------------------------------------------------------x




DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS




                              ROBERT L. ARLEO, ESQ.
                              Attorney for the Defendants
                              380 Lexington Avenue, 17th Fl.
                              New York, New York  10168
                              (212) 551-1115

**Table of Contents**

Page

**Table of Citations**

I.  STATEMENTS OF FACTS…………………………………………...   1

II.  STATEMENT OF QUESTIONS PRESENTED………………………...   4

III.  ARGUMENT……………………………………………………………..   5

A. STANDARD FOR JUDGMENT ON THE
PLEADINGS UNDER FED. R. CIV. P. 12(c)....................................   5

B. THE FAIR DEBT COLLECTION PRACTICES ACT………………   8

C. THE APPLICATION FOR A DEFAULT
JUDGMENT IS NOT SUBJECT TO THE
MANDATES OF THE FDCPA………………………………………..   10

D. THE COMPLAINED-OF
STATEMENTS ARE NOT MATERIAL…………………………….   10

E.  THE COURT MAY PROPERLY
CONSIDER THE ORDER TO
SHOW CAUSE FILED BY THE
PLAINTIFF IN THE STATE COURT ACTON……………………   14

F.  PLAINTIFF HAS FAILED TO PROPERLY
PLEAD AN FDCPA SEC. 1692f CLAIM…………………………...   15

G. THE COMPLAINT FAILS TO PLEAD
ANY VIOLATION OF NYJL 487………………………………..   16

H.  ANY LEGAL REMEDIES WHICH PLAINTIFF
    MAY HAVE HEREIN SHOULD HAVE
    BEEN RAISED AND RESOLVED IN
    THE STATE COURT ACTION……………………………………….        17


I.   THE HOLDINGS IN *DIAZ* AND
     *SYKES* ARE INAPPLICABLE TO
     THE HEREIN ACTION…………………………………………….        19


     CONCLUSION………………………………………………………        21

Table of Citations

Page

Cases

*Amalfitano v. Rosenberg,*
12 N.Y.3d 8 (N.Y. Ct. App. 2009)……………………………………………….... 17

*Ashcroft v. Iqbal,*
129 S.Ct. 1937 (2009)………………………………………………………….... 5

*Barbosa v. Continuum Partners, Inc.,*
716 F.2d 210, 215 (S.D.N.Y. 2010)……………………………………………… 6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)……………………………………………………………… 5

*Boglin v. Greenberg,*
63 A.D.3d 973 (N.Y.App. Div. 2d Dep't 2009)………………………………… 17

*Corazzini v. Litton Loan Servicing, LLP,*
2011 U.S. Dist. LEXIS 63565 (N.D.N.Y.)……………………………………..... 13

*Cleveland v. Capelaw Enters.,*
448 F.3d 518, 521 (2d Cir. 2006)………………………………………………… 5

*Clomon v. Jackson,*
988 F.2d 1314, 1319 (2d Cir. 1993)……………………………………………… 9

*Colo. Capital v. Owens,*
227 F.R.D. 181, 191 (E.D.N.Y. 2005)…………………………………………… 10

*Corcoran v. Giampetruzzi,*
29 Misc.2d 1217A (N.Y. Sup. Ct. Nassau Cty. 2010)…………………………… 17

*Derisme v. Jacobson,*
2012 U.S. Dist. LEXIS 2012 U.S. Dist. LEXIS 101922 (D. Conn.)……………………….. 18

*Desmond v. Phillips & Cohen Assocs.,*
724 F.Supp.2d 562, 567-68 (E.D. Pa. 2010)…………………………………… 10

*Diaz v. Portfolio Recovery Assocs., LLC,*
2012 U.S. Dist. LEXIS 72724 (S.D.N.Y.)………………………………………… 19

*Donohue v. Quick Collect*,
592 F.3d 1027, 1033 (9th Cir. 2010)………………………………………………… 11

*Douyon v. NY Med. Healthcare, P.C.*,
2012 U.S. Dist. LEXIS 141031 *37 (E.D.N.Y.)…………………………………… 16

*Foti v. NCO Fin. Sys.*,
424 F. Supp. 2d 643 (S.D.N.Y. 2006)…………………………………………… 16

*FTC v. Check Investors, Inc.*,
502 F.3d 159, 165 (3d Cir. 2007)………………………………………………… 6

*Gorman v. Consol. Edison Corp.*,
488 F.3d 586, 591-92 (2d Cir. 2007)…………………………………………… 6

*Great Plains Capital Corp. v. Levi*,
36 Misc. 3 1236A (N.Y. City Civ. Ct.  2012)…………………………………… 12

*Hahn v. Triumph P'ships, LLC*,
557 F.3d 755 (7th Cir. 2009)…………………………………………………… 11

*Harvey v. Great Seneca Fin. Corp.*,
453 F.3d 324, 332 (6th Cir. 2006)……………………………………………… 13

*Hayden v. Patterson*,
594 F.3d150, 160-61 (2d Cir. 2010)…………………………………………… 5

*Klein v. Solomon & Solomon, P.C.*,
2011 U.S. Dist. LEXIS 127606 (D. Conn.)……………………………………… 11

*Lane v. Fein, Such & Crane*,
767 F.Supp.2d 383 (E.D.N.Y. 2011)…………………………………………... 11

*Maguire v. Citicorp. Retail Servs.*,
147 F.3d 232, 236 (2d Cir. 1998)………………………………………………… 8

*Matson v. Bd. of Educ.*,
631 F.3d 57, 62 (2d Cir. 2011)…………………………………………………… 15

*Maksimiak v. Schwartzapfel Novick Truhowsky Marcus, P.C.*,
82 A.D.3d 652 (N.Y. App. Div. 1st Dep't 2011)……………………………… 18

*Miller v. Javitch, Block & Rathbone*,
561 F.3d 588, 596 (6th Cir. 2009)……………………………………………… 10

*Miller v. Upton, Cohen & Slamowitz*,
687 F. Supp. 2d 86 (E.D.N.Y. 2009)……………………………………………………   20

*Miller v. Wolpoff & Abramson, L.L.P.*,
321 F.3d 292 (2d Cir. 2003)……………………………………………………………   20

*Mills v. Polar. Molecular Corp.*,
12 F.3d 1170, 1174 (2d Cir. 1993)……………………………………………………..   6

*Nationwide Acceptance Corp. v. Markoff*,
2000 U.S. Dist. LEXIS 12496 (N.D.Ill.)……………………………………………….   13

*Necci v. Universal Fidelity Corporation*,
297 B.R. 376 (E.D.N.Y. 2003)………………………………………………………....   12

*Olson v. Risk Mgmt. Alternatives, Inc.*,
366 F.3d 509 (7th Cir. 2004)………………………………………………………….   9

*Papason v. Allain*,
478 U.S. 265, 286 (1986)……………………………………………………………….   6

*Pirouzian v. SLM Corp.*,
396 F.Supp.2d 1124, 1131 (S.D. Cal. 2005)…………………………………………..   10

*Rosen v. Russ & Russ, P.C.*, 76
A.D.3d 965 (App. Div. 2d Dept. 2010)………………………………………………..   17

*Samuels v. Air Transport Local*, 504,
992 F.2d 12, 15 (2d Cir. 1993)…………………………………………………………   6

*Sellers v. M.C. Floor Crafters, Inc.*,
842 F.2d 639, 642 (2d Cir. 1988)……………………………………………………...   5

*Simmons v. Roundup Funding, LLC* ,
622 F.3d 93, 95 (2d Cir. 2010)………………………………………………………..   18

*Stewart v. Berman*,
859 F. Supp. 2d 754 (D. Md. 2012)…………………………………………………..   14

*Suquilanda v. Cohen & Slamowitz, LLP*,
2011 U.S. Dist. LEXIS 102727 (S.D.N.Y.)…………………………………………...   16

*Sykes v. Mel Harris & Assocs., LLC*,
757 F. Supp. 2d 413, 428-29 (S.D.N.Y. 2010)……………………………………….   19

*Wahl v. Midland Credit Mgmt.,*
566 F.3d 643, 646 (7th Cir. 2002)……………………………………………………   10

*Wallace v. Washington Mut. Bank,*
683 F.3d 323, 326 (6th Cir. 2012)……………………………………………………   10

*Walsh v. Howard Schiff,*
2012 U.S. Dist. LEXIS 136408 (D. Conn.)……………………………………………   10

*Warren v. Sessoms & Rogers,*
 676 F.3d 365 (4th Cir. 2012)………………………………………………………..   11

*Villager Pond. Inc. v. Town of Darien,*
56 F.3d 375, 378 (2d Cir. 1995)…………………………………………………….   5


Other authorities

Fed. R. Civ. P. 12(c)……………………………………………………………….   3

Fed. R. Civ. P. 8……………………………………………………………… …   6

15 U.S.C. sec. 1692 *et seq*............................................................................   6

15 U.S.C. sec. 1692e…………………………………………………………….   7

15 U.S.C. sec. 1692f…………………………………………………………….   7

New York Judiciary Law sec. 487……………………………………………….   2

New York Civil Practice Law and Rules sec. 3211(a)(3)……………………………..   12

I.      STATEMENT OF FACTS

On December 29, 2010 the Defendant Rubin & Rothman, LLC ("R&R") filed a lawsuit against the Plaintiff in the herein action, Hermalina De La Paz, in the Supreme Court of the State of New York, County of Westchester ("the state court action"). Said lawsuit was based upon a car loan which Plaintiff had procured. Plaintiff tendered her monthly car payments to Capital One Auto Finance, Inc. ("COAF").  COAF had retained the Defendant R&R to collect an outstanding monetary amount which COAF claimed was owed by the Plaintiff based upon her default of the car loan which she had procured. COAF was named as the plaintiff in the state court action. Based upon her failure to file an answer in the state court action a default judgment was entered against the herein Plaintiff. After Plaintiff retained counsel, said counsel filed an Order to Show Cause ("OSC") in the state court action for the purpose of attempting to vacate the default judgment. Included therewith was an affidavit sworn to by the Plaintiff wherein she confirmed that she understood the claims in the state court action and further alleged numerous defenses to the claims set forth in the state court action. Importantly, the OSC also included a legal memorandum from Plaintiff's attorney setting forth in detail her defenses to the claims and New York case law concerning the burden of a plaintiff to prove standing to maintain an action. Plaintiff's counsel was ultimately able to negotiate a stipulation which vacated the default judgment and dismissed the state court action against her.

The Plaintiff thereafter filed her Complaint in the herein action (Exhibit "A") alleging therein that, based upon allegations and representations in the state court pleadings, the Defendants named herein violated the Fair Debt Collection Practices Act ("FDCPA") and the New York

Judiciary Law Sec. 487 ("NYJL 487"). Plaintiff bases her Complaint upon the following allegations; 1) that the Defendant R&R incorrectly set forth a definition contained in a New York City Department of Consumer Affairs ("NYCDCF") Law in regard to a "passive debt buyer" and incorrectly stated that "passive debt buyers" did not need to be licensed with the NYCDCF; 2) an application for a default judgment in the state court action included an "Affidavit of Fact" from COAF which stated that the action was based upon a retail installment contract entered into between the herein Plaintiff and COAF. Plaintiff alleges that this statement was false in that the herein Plaintiff did not enter into the original loan agreement with COAF (the loan was assigned to COAF.); 3) that the Plaintiff's COAF was pooled into securitized trust which passed through a complex web of entities making the chain of title raising "very real concerns." regarding COAF's standing in the state court action; 4) that the COAF affidavit allegedly misrepresented that standing for COAF was a "non-issue."; and 5) both the complaint and application for default judgment in the state court action were signed by attorneys associated with the Defendant R&R without any meaningful review of the herein Plaintiff's COAF account.

   The Complaint alleges that this action is suitable for treatment as a class action pursuant to Fed. R. Civ. P. 23 and seeks a declaratory judgment holding that the Defendants violated the FDCPA and NYJL 487. The Complaint further seeks an order directing the Defendants to cease engaging in debt collection activities which allegedly violate the FDCPA and NYJL 487. In response thereto the Defendants filed an Answer denying therein that any violations(s) of the FDCPA and/or NYJL 487 occurred. After settlement negotiations between the parties failed the Defendants, pursuant to the Individual Rules of the Honorable Edgardo Ramos, requested a pre-motion conference for the purpose of filing a motion for summary judgment. Defendants

2

ultimately decided to request permission to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). At the pre-motion conference before Judge Ramos counsel for the Plaintiff, Daniel Schlanger, stated that the Plaintiff was the winning party in the state court action. Mr. Schlanger explained that the Plaintiff was the victor because she successfully vacated the default judgment against her.

II.     STATEMENT OF QUESTIONS PRESENTED

A.  Does the Complaint plead any plausible

claims for violation of the FDCPA?

Answer- No.

B.  Does the Complaint plead any plausible

claims for violation of the NYJL 487?

Answer-No.

4

III.     ARGUMENT

A. STANDARD FOR JUDGMENT ON THE
    <u>PLEADINGS UNDER FED. R. CIV. P. 12(c)</u>

Fed. R. Civ. P. 12(c) states "After the pleadings are closed- but early enough not to delay

trial- a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate

when material facts are undisputed and where a judgment on the merits is possible by

considering the allegations set forth in the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842

F.2d 639, 642 (2d Cir. 1988).  The standard governing a Fed. R. Civ. P. 12(c) motion is

essentially the same as that governing a motion to dismiss a complaint pursuant to Fed. R. Civ.

P. 12(b)(6). *Cleveland v. Capelaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). Thus, the rational

of the United States Supreme Court, as set forth  in the matters of *Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007) and  *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), in regard to a motion to

dismiss a complaint under Fed. R. Civ. P. 12(b)(6), is applicable to the herein motion for

judgment on the pleadings.

In both *Bell* and *Twombly* the United States Supreme Court set forth a standard of pleading

requirement in order to allege a cause of action under Fed. R. Civ. P. 8. In *Twombly*, the

Supreme Court held that a federal complaint must contain factual allegations which "must be

enough to raise a right to relief above the speculative level." *Id*. The Supreme Court further

stated therein that there must be sufficient facts to state a claim to relief that is "plausible on its

face." *Id* at 570. See also *Hayden v. Patterson*, 594 F.3d150, 160-61 (2d Cir. 2010). In *Iqbal*, the

Supreme Court held that Rule 8 of the Federal Rules of Civil Procedure requires "more than an

5

unadorned, the-defendant-unlawfully-harmed-me-accusation." 129 S.Ct. at 1949.  A complaint

must state "a plausible claim for relief" in order to defeat a motion to dismiss a complaint.  *Id*.

"Plausibility" does not give rise to the level of probability but requires more than a sheer

possibility that a defendant has acted unlawfully. *Barbosa v. Continuum Partners, Inc.*, 716 F.2d

210, 215 (S.D.N.Y. 2010); *Villager Pond. Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.

1995).

   The Second Circuit Court of Appeals has held that, in deciding a motion to dismiss a

complaint, a court must accept as true the factual allegations of the complaint and draw all

inferences in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.

1993); *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591-92 (2d Cir. 2007). However, a court

is not required to accept the truth of legal conclusions couched as factual allegations. *Papason v.

Allain*, 478 U.S. 265, 286 (1986). In making a Fed. R. Civ. P. 12(c) determination a court's

inquiry is limited solely to the contents of the complaint, those documents attached to the

complaint as exhibits or incorporated by reference therein and matters which judicial notice may

be taken. *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

   This Court must recognize and apply the proper standard of pleading requirement in order to

allege a cause of action under Fed. R. Civ. P. 8. The Plaintiff's Complaint does not contain

factual allegations which are enough to raise a right to relief under either the FDCPA or NYJL

487 above the speculative level. As explained more specifically below, claims for violation of

the FDCPA based upon false, deceptive and misleading debt collection representations in

violation of any portion of 15 U.S.C. sec. 1692e (other than sec. 1692e(11) which is not alleged

in the herein Complaint)  must assert that the representations were "material" in that the

6

representations influenced  a consumers decision or ability to pay or challenge a debt.

There is nothing pleaded in the herein Complaint which asserts that the representations were "material" to the Plaintiff, i.e. that the statements affected the Plaintiff's ability to pay the COAF debt or her ability to challenge the debt. In her affidavit filed in regard to her OSC, which she submitted in conjunction with the state court action and which is expressly referenced in paragraph 21 of the Complaint, the Plaintiff unequivocally demonstrated that the alleged misleading and deceptive statements for which she complains did not influence her ability to challenge the COAF debt.

In regard to the claims for violation of 15 U.S.C. sec. 1692f. The Complaint does not allege any of the eight (8) enumerated examples of unfair and unconscionable debt collection actions set forth in sec. 1692f nor is the sec. 1692f claim supported by any alleged facts which are separate from the facts which allegedly support the sec. 1692e FDCPA claims. Finally, because the representations are not material, and because the Complaint fails to allege that the state court action could not have proceeded but for the false and deceptive misrepresentations, the NYJL 487 claim is baseless.

The Complaint fails to set forth sufficient facts to state a claim to either FDCPA or NYJL 487 relief that is "plausible" on its face. The allegations set forth in the Complaint are nothing more than unadorned, the-Defendants-unlawfully-harmed-me-accusations. As the Complaint does not state a plausible claim for FDCPA relief or NYJL 487 relief, the Plaintiff cannot defeat the herein Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. The Complaint lacks plausibility in that the allegations of FDCPA violation and NYJL 487 violation therein do not give rise to the level of probability but, at the very best, equate to nothing more than a sheer

7

possibility that the Defendants herein have acted unlawfully by violating either the FDCPA or NYJL 487.

The Defendants fully recognize that the Second Circuit Court of Appeals precedent has held that this Court must accept as true the factual allegations of the Complaint and draw all inferences in favor of the Plaintiff.  However, this Court is not required to accept the truth of legal conclusions set forth in the Complaint which are simply couched as factual allegations. For example, the Plaintiff alleges that whether COAF had standing in the state court action creates "…very real concerns." Imagine if a Plaintiff in a 1983 civil rights action asserted in her Complaint that the issue of whether or not she was a victim of police brutality raised "…very real concerns."  In making this Rule 12(c) determination, this Court's inquiry is limited solely to the contents of the Complaint, any matter incorporated by reference therein and anything which the Court deems requires a taking of judicial notice.

### B.  THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. sec. 1692 *et seq.* In evaluating Plaintiff's claims for violation of the FDCPA, a court must use an objective standard based upon whether the "least sophisticated consumer" would be deceived by a statement made in a collection communication. *Maguire v. Citicorp. Retail Servs.*, 147 F.3d 232, 236 (2d Cir. 1998). The least sophisticated consumer standard is designed to protect consumers while, at the same time, protecting debt collectors from bizarre or idiosyncratic interpretations of statements made in collection communications.

Even the "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). Furthermore, consumers are capable of making logical deductions based upon statements made in debt collection communications. *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509 (7th Cir. 2004).

In evaluating potential claims for violation of the FDCPA as set forth in the Complaint, this Court must use an objective standard based upon whether the "least sophisticated consumer" would be deceived by the alleged false, deceptive and misleading statements and representations contained in the complaint in the state court action. The least sophisticated consumer standard is designed to protect the Plaintiff while, at the same time, protecting the Defendants from the Plaintiff's bizarre and idiosyncratic interpretations of the allegations and representations contained in the state court action. In fact, it is both bizarre and idiosyncratic to allege that consumers are "misled into believing that assignment/standing (of COAF) is not an issue." when the Plaintiff tendered her monthly car payments *directly* to COAF. This Plaintiff can be presumed to possess a rudimentary amount of information about the world. COAF is a creditor with whom Plaintiff tendered monthly payments for her automobile. Thus, she should know that COAF had standing to be named as a Plaintiff in the state court action against her.

Plaintiff is presumed to possess a rudimentary amount of information about the world in that creditors such as COAF would attempt to hold her responsible for payment of the balance of her car loan. Further, Plaintiff is presumed to be willing to read the complaint filed in the state court action with some care and understand her choices to either pay the amount claimed by COAF or challenge the COAF debt *as she did in the state court action*. Her affidavit submitted in

9

conjunction with the state court OSC cause demonstrates that the Plaintiff was capable of making

logical deductions based upon statements made in the state court action complaint.


### C.   THE APPLICATION FOR A DEFAULT JUDGMENT IS NOT SUBJECT TO THE MANDATES OF THE FDCPA

Importantly, the Complaint characterizes the Defendant's effort to obtain the default

judgment as an "application" and as "motions" (Complaint paragraphs 33 and 34). As the

application and motion for a default judgment was directed at the court only there can be no

FDCPA application to any of the contents of the application for the default judgment. Papers

filed by an attorney in conjunction with litigation in a state court are not subject to the FDCPA as

same are not directed to a consumer. *Walsh v. Howard Schiff*, 2012 U.S. Dist. LEXIS 136408 (D.

Conn.).

### D.   THE COMPLAINED-OF STATEMENTS ARE NOT MATERIAL

The FDCPA prohibits a debt collector from using of any false, deceptive or misleading means

in connection with the collection of any debt. 15 U.S.C. sec. 1692e. However, FDCPA case law

makes clear that a plaintiff alleging a sec. 1692 "e" violation must demonstrate that the

statements allegedly giving rise thereto were "material." A statement cannot mislead the least

sophisticated consumer unless it is material, so a false but not material statement is not

actionable under the FDCPA. *Wahl v. Midland Credit Mgmt.*, 566 F.3d 643, 646 (7th Cir. 2002);

*Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Wallace v. Washington

Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012); *Donohue v. Quick Collect*, 592 F.3d 1027, 1033

(9th Cir. 2010); *Warren v. Sessoms & Rogers*, 676 F.3d 365 (4th Cir. 2012). An immaterial statement or immaterial information does not constitute an FDCPA violation as such statements do not contribute to the objective of the FDCPA. *Hahn v. Triumph P'ships, LLC*, 557 F.3d 755 (7th Cir. 2009)(finding that materiality is an ordinary element of any federal claim based upon a false or misleading statement); *Lane v. Fein, Such & Crane*, 767 F.Supp.2d 383 (E.D.N.Y. 2011)(finding that inaccurate information about a creditor was not material.)

   The holding in the matter of *Klein v. Solomon & Solomon, P.C.*, 2011 U.S. Dist. LEXIS 127606 (D. Conn.) provides this Court with the basis to grant the herein motion. Similar to the herein action, the FDCPA claims alleged therein arose from procedural defects in regard to state court litigation. The debt collector attorney defendant therein mistakenly named the original party, who had assigned the plaintiff's debt to Citibank, N.A., as the plaintiff in the therein state court action. The plaintiff alleged that the defendant's failure to name Citibank, N.A. as the proper creditor harmed him because he was forced to defend against an improper party. In granting the defendant's motion to dismiss the complaint, the court stated that the plaintiff had a burden to show that the false statement regarding the true plaintiff was material, holding that statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt. As the plaintiff did not allege that the alleged false and misleading statements plaintiff influenced his ability to pay or challenge the debt his FDCPA claim failed.

   The instant Plaintiff's Complaint also bases the FDCPA claims therein on alleged procedural mistakes made in the state court action *and* upon issues concerning standing to be named as a plaintiff in a state court action. As the herein Complaint does not allege that the procedural mistakes, or *any* of the other alleged misconduct by the Defendant in regard to the state court

11

action,  affected her ability to pay or challenge her COAF debt, the FDCPA allegations in the Complaint are not material and judgment on the pleadings should be granted to the Defendants herein.

The Plaintiff alleges that the Complaint adequately pleads a cause of action under 1692e because the misstatements contained in the complaint impact a consumer's "ability to challenge" the debts allegedly owed. Plaintiff alleges that the statements in the complaint filed in the state court action mislead consumers and the courts into believing that assignment/standing for COAF is not an issue. However, there are no statements or representations made by the Defendant in the state court action which affected the ability of the Plaintiff to challenge the standing of COAF. Nothing in the state court action filings prevented the Plaintiff from filing an answer and raising "lack of standing" as an affirmative defense. Indeed, pursuant to New York Civil Practice Law and Rules (CPLR) sec. 3211(a)(3) a consumer may bring a motion to dismiss a complaint based upon "the party asserting the cause of action has not legal capacity to sue." Upon such an affirmative defense, or the bringing of a CPLR 3211(a)(3) motion, the burden is then upon a plaintiff to submit evidence to prove standing to maintain the action. *Great Plains Capital Corp. v. Levi*, 36 Misc. 3 1236A (N.Y. City Civ. Ct.  2012). In sum, there is nothing in the state court action complaint which would discourage the least sophisticated consumer from filing an answer and challenging the standing of COAF.

In *Hahn v. Triumph P'ships, LLC*, supra, the Seventh Circuit Court of Appeals found that the complaint did not allege that the consumer would have done something different but for the alleged confusing statements set forth in the complaint therein.  Here, the Complaint fails to allege that the Plaintiff would have done something different but for the alleged confusing

12

statements and representations contained in the state court action.

The herein Complaint does not set forth any allegations that the Plaintiff did not owe a debt to COAF nor does the Complaint allege that the Defendants misstated or misrepresented the amount she owed. *Corazzini v. Litton Loan Servicing, LLP*, 2011 U.S. Dist. LEXIS 63565 (N.D.N.Y.)(granting summary judgment to debt collector on FDCPA "e" claims by stating "Even if defendant did provide a false statement in one or more communications with the plaintiff, plaintiff has failed to establish that the alleged false statements was *material* to her decision to pay her debt or that it impaired her ability to challenge the debt."); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 332 (6th Cir. 2006)(rejecting an "e" claim because the plaintiff "never denied in her complaint that she owed defendant a debt, nor did she claim that the defendant misstated or misrepresented the amount she owed.")

Importantly, the Defendants request that the Court take judicial notice of statements made by Plaintiff's counsel at the pre-motion conference. Plaintiff's counsel trumpeted that the Plaintiff was successful in regard to the state court action because she was able to have a default judgment against her vacated and because the Defendant R&R agreed to dismiss the case. Thus, Plaintiff was not hampered in her ability to decide whether to pay her COAF debt or to challenge her COAF debt. She chose not to pay and, instead, according to Mr. Schlanger, successfully challenged the COAF debt.

Plaintiff has failed to allege that the alleged lack of meaningful attorney review of the state court action complaint and motion for default judgment were "material" to her. Nowhere in the Complaint is it alleged that the alleged lack of meaningful attorney review affected Plaintiff's decision to pay or challenge the COAF debt. In regard to any falsity regarding the attorney

13

signatures set forth in the state court filings the matter of *Stewart v. Berman*, 859 F. Supp. 2d 754

(D. Md. 2012) is directly on point. The plaintiffs therein also alleged that signatures contained in

a state court foreclosure action were deceptive. In granting the debt collector's motion to dismiss

the FDCPA complaint therein, the court found that the plaintiffs failed to allege any facts

showing that the alleged misrepresentations based upon the signatures were material and that the

plaintiffs did not allege any substantive error as to the existence of a debt or the timing of the

legal foreclosure action commenced therein. In regard to allegations that signatures on

documents filed in the lawsuit therein were false, the court held that the plaintiffs failed to allege

that they relied or were misled because someone other than the proper signer affixed a signature

to the document at issue therein. Similarly, the Plaintiff herein does not allege that she relied

upon or was misled by the attorney signatures set forth upon the documents filed by the

Defendant in the state court action.


      E.    THE COURT MAY PROPERLY
             CONSIDER THE ORDER TO
             SHOW CAUSE FILED BY THE
             <u>PLAINTIFF IN THE STATE COURT ACTON</u>


In considering the herein motion for judgment on the pleadings this Court may consider the

OSC filed by the Plaintiff in the state court action. A copy of same is attached hereto as Exhibit

"B". The OSC is referenced in paragraph 21 of the herein Complaint. The OSC contains a copy

of the complaint filed in the state court action together with the motion for a default judgment

containing the "Affidavit of Fact" referenced in paragraphs 26, 27 and 28 of the Plaintiff's

Complaint. Also contained therein is an Affidavit executed by the Plaintiff wherein she confirms

that she was in no way influenced by the alleged false and deceptive acts of the Defendant in regard to her ability to challenge the COAF debt. Also included in the OSC is a memorandum of law setting out legal authority wherein Plaintiff challenges the standing of COAF in regard to the state court action. Thus, the written instruments contained in the OSC all demonstrate that the alleged false, deceptive and misleading allegations for which Plaintiff complains in the herein action were not "material" to the Plaintiff in conjunction with the state court action.

On a motion to dismiss a complaint a court may consider any written instrument incorporated in the complaint by reference as well as documents upon which the complaint relies and which are integral to the complaint.  *Matson v. Bd. of Educ.*, 631 F.3d 57, 62 (2d Cir. 2011). The OSC is incorporated by reference in paragraph 21 of the Complaint. The state court complaint, the motion for default judgment and the "Affidavit of Fact" are all integral to Plaintiff's Complaint.


      F.   PLAINTIFF HAS FAILED TO PROPERLY
          PLEAD AN FDCPA SEC. 1692f CLAIM


In her Complaint the Plaintiff alleges an FDCPA violation based upon 15 U.S.C. sec. 1692f which prohibits a debt collector from engaging in unfair or unconscionable debt collection means. There are eight (8) specific examples of unfair and unconscionable acts expressly set forth in sec. 1692f. In her Complaint the Plaintiff fails to set forth any of the eight express examples and, instead, bases her sec. 1692f claim upon the same factual allegations as she bases her 1692e claims. Thus, this Court may make quick work dismissing the sec. 1692f claim.

In a recent decision rendered in an FDCPA action commenced by the same Plaintiff's counsel

15

named herein, Daniel Schlanger, Magistrate Judge Kathleen Tomlinson of the Eastern District of

New York granted summary judgment to a debt collector in regard to a sec. 1692f claim.  See

*Douyon v. NY Med. Healthcare, P.C.*, 2012 U.S. Dist. LEXIS 141031 *37 (E.D.N.Y.)(finding

that the plaintiff did not separately allege one of the eight specific prohibited acts set forth in sec.

1692f and otherwise did not allege any conduct different from the other specific FDCPA

violations alleged in the complaint.) *citing  Foti v. NCO Fin. Sys.,* 424 F. Supp. 2d 643 (S.D.N.Y.

2006) and *Suquilanda v. Cohen & Slamowitz, LLP*, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y.).


### G.   THE COMPLAINT FAILS TO PLEAD ANY VIOLATION OF NYJL 487

In her Complaint the Plaintiff alleges that the Defendants have violated NYJL 487. NYJL 487

holds that any attorney who is guilty of deceit or collusion with the intent to deceive a court or a

party is liable to any party who suffers damages as a result thereof. The Plaintiff bases her NYJL

487 claim upon alleged false allegations made in conjunction with pleadings and filings in a

lawsuit commenced by the Defendant R&R in a New York Supreme Court on behalf of its client,

COAF. For the reasons set forth below, the Plaintiff's NYJL 487 claim fails.

As set forth above the allegations in the state court complaint and the application for a default

judgment are not material. The immateriality of alleged deceptive statements support a finding of

a lack of a NYJL 487 claim. Alleged deceitful statements must be material in order for a NYJL

487 claim to stand. *Amalfitano v. Rosenberg,* 12 N.Y.3d 8 (N.Y. Ct. App. 2009). See also

*Corcoran v. Giampetruzzi*, 29 Misc.2d 1217A (N.Y. Sup. Ct. Nassau Cty. 2010); *Boglin v.

Greenberg*, 63 A.D.3d 973 (N.Y.App. Div. 2d Dep't 2009); *Rosen v. Russ & Russ, P.C.*, 76

16

A.D.3d 965 (App. Div. 2d Dept. 2010)(dismissing a NYJL 487 claim as it could not be inferred that the alleged deceitful action was the proximate cause of injury sustained). As the statements are immaterial there is no issue regarding damages. Indeed, as the alleged misrepresentations have been proven herein to be immaterial, a NYJL 487 claim cannot proceed to any consideration of damages.

Even if a deceitful statement is material, the absence of damages specifically flowing from a violation of NYJL 487 is fatal to any such claim. *Maksimiak v. Schwartzapfel Novick Truhowsky Marcus, P.C.*, 82 A.D.3d 652 (N.Y. App. Div. 1ˢᵗ Dep't 2011). Here, the Plaintiff simply alleges in a conclusory fashion that she "suffered actual damages." A classic *Twombly* and *Iqbal* conclusory statement.  There are no allegations as to what are the alleged actual damages which the Plaintiff was caused to incur or suffer. In fact, the contrary is true. Again, Plaintiff's counsel trumpeted the level of success the Plaintiff enjoyed in conjunction with the underlying state court action. As the state court action is no longer pending the Plaintiff cannot be compelled to presently pay any monies to COAF.

Importantly, the NYJL 487 claim also fails as the Complaint herein does not allege that the lawsuit "could not have gone forward" in the absence of the misrepresentation. *Amalfitano v. Rosenberg,* supra at 14-15; *Corcoran v. Giampetruzzi*, supra. There is nothing in the Complaint which alleges that, but for the alleged deceitful actions of the Defendant, the state court action could not have gone forward.

      H.     ANY LEGAL REMEDIES WHICH PLAINTIFF
               MAY HAVE HEREIN SHOULD HAVE
               BEEN RAISED AND RESOLVED IN
               <u>THE STATE COURT ACTION</u>

The Plaintiff's claims for violation of the FDPCA and NYJL 487 are all based upon filings which occurred in the state court action. Thus, her remedies should have been sought in conjunction with the state court action instead of in conjunction with the herein action. *Derisme v. Jacobson*, 2012 U.S. Dist. LEXIS 2012 U.S. Dist. LEXIS 101922 (D. Conn.)(finding that because litigants in state court already enjoy myriad procedural and substantive protection from fraudulent and deceptive practices, resort to the FDCPA is unnecessary); *Walsh v. Howard Schiff*, supra (finding that a state court has the independent power to discipline attorneys and hold attorneys liable for any damages deceptively caused to a party based upon allegedly improper conduct engaged in by attorneys.)

The Plaintiff enjoyed a myriad of procedural and substantive protections in the state court action from the alleged fraudulent and deceptive practices alleged in her Complaint. Therefore, resort to the FDCPA and the NYJL 487 herein was unnecessary.  Furthermore, those Justices associated with the Supreme Court, Westchester County have the independent power to discipline the Defendant's attorneys and hold said attorneys and the Defendant liable based upon the alleged deceitful conduct described in Plaintiff's herein Complaint which allegedly occurred during proceedings in the state court action. Of course, Defendant's attorneys would vigorously defend themselves in conjunction therewith.

In *Simmons v. Roundup Funding, LLC* , 622 F.3d 93, 95 (2d Cir. 2010) the Second Circuit Court of Appeals properly recognized that, while the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when the debtor is instead protected by the court system and its officers. In so holding the Second Circuit held that the protection of the bankruptcy code should not be bypassed in favor of

more lucrative claims under the FDCPA. The purpose of the FDCPA, and by analogy the NYJL 487, is not implicated in the herein action. The Plaintiff was protected by the Supreme Court, Westchester County and its Justices. She should have sought redress therein for alleged wrongful conduct which the Plaintiff alleges in her herein Complaint. Of course, the Defendant's attorneys would have had the opportunity to defend against any and all claims that they acted improperly in conjunction with the state court action.

The claims herein are not based upon a debt collection letter or collection telephone conversations or collection voice messages wherein this federal forum is absolutely needed. Rather, the claims set forth in the herein Complaint are, in truth, defenses which could have been raised in the state court action. Plaintiff had her forum to address her grievances. She chose to bypass her state court forum and, instead, chose to unnecessarily and baselessly pursue more lucrative FDCPA claims.

I.     THE HOLDINGS IN *DIAZ* AND
       *SYKES* ARE INAPPLICABLE TO
       THE HEREIN ACTION

This Court is referred to the matters of *Diaz v. Portfolio Recovery Assocs., LLC,* 2012 U.S. Dist. LEXIS 72724 (S.D.N.Y.) and *Sykes v. Mel Harris & Assocs.*, *LLC*, 757 F. Supp. 2d 413, 428-29 (S.D.N.Y. 2010). Each of these cases held that similar claims of no meaningful attorney review of collection communications by debt collection lawyers may be false, deceptive and misleading in violation of FDCPA sec. 1692e and NYJL 487. However, each of these cases are patently distinguishable from the herein action and are thus inapplicable to the resolution of the herein action.

19

Initially, neither decision considered the issue of "materiality" in regard to a sec. 1692e FDCPA claim. There is nothing in either decision which indicates that the issue of materiality in regard to a 1692e was raised by the defendants therein or was considered by the courts therein. Secondly, neither of these cases considered whether or not the abuses alleged therein should have been properly raised in the New York State actions which were commenced in either action. Thus, based upon the lack of consideration of the materiality of the sec. 1692e allegations and the lack of consideration of whether the FDCPA and NYJL 487 claims should have been raised in conjunction with the underlying state court actions relevant to these decisions, both *Diaz* and *Sykes* should not be considered by the Court herein in rendering a decision in regard to the herein motion for judgment on the pleadings.

For the same reasons the decisions rendered in the matters of *Miller v. Wolpoff & Abramson, L.L.P.*,  321 F.3d 292 (2d Cir. 2003) and *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86 (E.D.N.Y. 2009) are also inapplicable herein. Although both cases dealt with the issue of attorneys issuing debt collection documents without any alleged meaningful attorney review, neither of these cases addressed the issue of materiality in regard to a sec. 1692e claim nor the issue of whether a pending state court action is the proper forum to address alleged grievances alleged against attorneys in conjunction with state court litigation.

CONCLUSION

The Complaint fails to adequately plead any FDCPA claim or any NYJL 487 claim. Thus, the

Defendants should be awarded a judgment dismissing the Complaint on the pleadings pursuant

to Fed. R. Civ. P. 12(c).

DATED: New York, New York
      November 16, 2012

Respectfully submitted,

/ s /  *Robert L. Arleo*_____ __
ROBERT L. ARLEO, ESQ.
Attorney for the Defendants
380 Lexington Avenue
17th Floor
New York, New York 10168
(212) 551-1115

21