

# MEMO ENDORSED

**ROBERT L. ARLEO, ESQ.**
380 Lexington Avenue
17th Floor
New York, N.Y. 10168

Telephone: (212) 551-1115
Email: r.arleo@verizon.net

Fax: (518) 751-1801

December 5, 2012

Honorable Edgardo Ramos
United States District Court Judge
United States District Court
Southern District of New York
300 Quarappas Street
White Plains, New York  10601-4150
via facsimile to: (914) 390-4298

*Application Granted*
*So Ordered* [signature]
*12/6/12*

Re: De La Paz v. Rubin & Rothman, LLC et al.
    Case No. 11-cv-9625 (ER)

Dear Judge Ramos:

I am counsel for the Defendants named in the above-entitled action.

As Your Honor is aware the Defendants have recently filed a motion for judgment on the pleadings (Dkt. No. 21 and Dkt. No. 22). Pursuant to the Order issued by Your Honor on October 12, 2012 the Plaintiff is scheduled to file her papers in opposition thereto by December 21, 2012. I am corresponding herein to advise Your Honor of a decision issued by the United States Court of Appeals for the Second Circuit on November 27, 2012 which directly applies to the Defendant's pending motion. I refer to *Gabriele v. Am. Home Mort. Servicing*, 2012 U.S. App. LEXIS 24478 (2d Cir. Nov. 27, 2012). In *Gabriele* the Second Circuit Court of Appeals has, for the first time, acknowledged that there is a "materiality" requirement concerning claims brought under 15 U.S.C. sec. 1692e of the Fair Debt Collection Practices Act (FDCPA). For this reason, and other reasons set forth therein as described below, this Second Circuit ruling now provides mandatory precedent in further support of Defendant's motion for judgment on the pleadings.

Based upon the *Gabrielle* decision, and the decision rendered in the matter of *Musah v. Houslanger & Assocs., PLLC*, 12 Civ. 3207, 2012 U.S. Dist. LEXIS 164292 (S.D.N.Y.), which is referenced in my correspondence to Your Honor dated November 20, 2012, it is imperative that Your Honor issue an Order granting the Defendant <u>leave to supplement its memorandum of law in support of its motion for judgment on the pleadings</u>. The decision in *Gabrielle* is a literal roadmap of the cases which the Defendant relied upon in its memorandum of law in support of its motion for judgment on the pleadings. Therein, the Second Circuit adopts virtually all of the same legal rational advanced by the Defendants in support of their motion.

*not to exceed 5 pages)*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/6/2012
```

Importantly, via its November 27th holding in *Gabriele*, the Second Circuit has now adopted my argument advanced in my correspondence dated August 30, 2012 to Your Honor and at the pre-motion conference. Specifically, I argued that when a consumer has a engaged a lawyer, the lawyer, rather than the FDCPA, protects the consumer. As my August 30, 2012 correspondence indicates I argued that the rationale of the Second Circuit in *Kropelnicki v. Siegel*, 290 F.3d 118, 127-8 (2d Circuit 2002), i.e. "Where an attorney has been interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer....", should be expanded to court proceedings commenced against consumers. As of my August 30, 2012 correspondence, and as of the date of the pre-motion conference before Your Honor, the *Kropelnicki* rationale was applied only in communications sent directly from a debt collector to a consumer's attorney. Now, in *Gabriele*, the Second Circuit has adopted my position and extended the *Kropelnicki* rationale to a consumer, such as the Plaintiff herein, who is represented by an attorney in a state court lawsuit which the consumer alleges serves as the basis for her FDCPA claims in a federal action.

It is imperative that Your Honor consider all of the legal precedent at issue in conjunction with the Defendant's motion for judgment on the pleadings. The Defendant should be able to fully brief the holding in *Musah* and, especially, the holding by the Second Circuit in *Gabriele*. Importantly, as the Plaintiff has yet to file any opposition to the Defendant's motion, the Plaintiff will not be prejudiced by the Defendant's supplement as requested herein. Of course, the Plaintiff should be allowed additional time beyond the present December 21st deadline to file her opposition papers after the supplemental papers requested herein are filed.

Finally, I respectfully request that Your Honor allow me to file the herein correspondence, and my correspondence dated November 20, 2012 to Your Honor, both via ECF.

Respectfully submitted,

Robert L. Arleo

RLA:gra
cc: Daniel Schlanger, Esq. via facsimile
    James Fishman, Esq. via facsimile