UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x   Case No. 11-cv-09625   (ER)

Hermelina De La Paz, on behalf of herself
and all others similarly situated,


                              Plaintiff

       -against-


Rubin & Rothman, LLC and Keith Rothman,
Esq.,


                            Defendants

---------------------------------------------------------x


### DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS


                                        ROBERT L. ARLEO, ESQ.
                                        Attorney for the Defendants
                                        380 Lexington Avenue, 17th Fl.
                                        New York, New York  10168
                                        (212) 551-1115

PRELIMINARY STATEMENT

The herein Supplemental Memorandum of Law is submitted in conjunction with the Order allowing Defendants to submit same. (Dkt. No. 24). For the convenience of the Court the herein supplement is designed to be read as if submitted as part of the Defendants' initial Memorandum of Law in Support of Motion for Judgment on the Pleadings (Dkt. No. 22). Any additional case or other authority cited herein is incorporated by reference into the Table of Citations set forth in Defendants' initial Memorandum of Law.

K.  THE SECOND CIRCUIT HAS
    NOW FORMALLY RECOGNIZED
    THAT "MATERIALITY" IS REQUIRED
    FOR A 1692e FDCPA VIOLATION

In *Gabriele v. Am. Home Mort. Servicing*, 2012 U.S. App. LEXIS 24478 (2d Cir. Nov. 27, 2012), the Second Circuit Court of Appeals has, for the first time, acknowledged that there is a "materiality" requirement concerning claims brought pursuant to 15 U.S.C. sec. 1692e of the FDCPA. The decision in *Gabrielle* contains a literal roadmap (and adoption) of the cases cited by the Defendants in support of the herein motion for judgment on the pleadings.

In affirming dismissal of FDCPA claims the *Gabriele* court relied upon the fact that the consumer therein should have been well aware that the alleged false, deceptive and misleading statements, made by the debt collector attorney in the state court lawsuit at issued therein, were simply not true. The Second Circuit expressly reaffirmed that "….the hypothetical least sophisticated consumer is neither irrational nor a dolt." (*13). The Merriam-Webster dictionary

1

defines "dolt" as "a stupid person." The Plaintiff alleges FDCPA violations based upon alleged confusion as to whether Capital One Auto Finance has standing to be named as a Plaintiff in the subject state court lawsuit filed against her yet her Order to Show Cause submitted in the state court action (Exhibit "B" to the Defendants' initial Memorandum of Law) clearly establishes that the Plaintiff knows exactly who Capital One is and knew that she signed her original contract with the car dealer from whom she purchased a vehicle. Indeed, only a dolt would have any difficulty understanding the right of Capital One to be named as plaintiff in the state court action.

Importantly, via *Gabriele*, the Second Circuit has now further buttressed the concept that when a consumer has engaged a lawyer, the lawyer, rather than the FDCPA, protects the consumer. The *Gabriele* justices specifically referenced (*13) to that portion of *Kropelnicki v. Siegel*, 290 F.3d 118, 127-8 (2d Cir. 2002), i.e. "Where an attorney has been interposed as an intermediary between a collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer….". Prior to *Gabriele* the *Kropelnicki* rationale was applied only to communications sent directly from a debt collector to a consumer's attorney. Now, via *Gabriele*, the Second Circuit has extended the *Kropelnicki* rationale to a consumer represented by an attorney in a state court lawsuit which the consumer alleges serves as the basis for her FDCPA claims in a federal lawsuit.

The decision in *Gabriele* provides further support for Defendants' argument that the protections of the FDCPA are not implemented when a court system and its officers are available to protect a debtor. In footnote 1 therein, the Second Circuit expressly referenced to the holdings in *Simmons v. Roundup Funding, LLC*, supra, and *Derisme v. Hunt, Leibert & Jacobson, P.C.*, supra. As set forth above, each of these cases stands for the same premise that courts adequately

2

protects debtors from deceptive conduct, thus there is no need to implement the FDCPA. Defendants acknowledge that *Gabriele,* also in footnote 1 therein, references to a contra result in the matter of *Sykes v. Mel S. Harris & Associates, LLC*., supra. However, the *Sykes* court also denied claims of lack of subject matter jurisdiction based upon legal premises alleged by the defendants therein which are not similarly alleged by the Defendants herein (i.e. Rooker-Feldman doctrine, litigation immunity and Noerr-Pennington doctrine, id. at p. 429).

Nor does any rationale set forth in *Garbriele* contradict the holding of the Supreme Court in *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). Therein, the Supreme Court stated that the FDCPA applies to attorneys engaged in litigation so as to qualify such attorneys as a "debt collector" as same is defined in the FDCPA. See 15 U.S.C. sec. 1692a(6). However, nothing in *Heintz* mandates that all debt collection events occurring during litigation in a state court action, which allegedly violate the FDCPA, are required to be brought only in a federal lawsuit.

L. THE COMPLAINT FAILS TO SUPPORT
A CLAIM FOR VIOLATION OF 15 U.S.C.
SEC. 1692e(3)

The Plaintiff's Complaint alleges a violation of 15 U.S.C. sec. 1692e(3) which prohibits "the false representation or implication that any individual is an attorney or that any communication is from an attorney." The recent decision issued in *Musah v. Houslanger & Assocs., PLLC,* 12 Civ. 3207, 2012 U.S. Dist. LEXIS 164292 (S.D.N.Y.)("the *Musah* decision.) provides this Court with an additional basis to grant the Defendants' motion for judgment on the pleadings in regard to the "e(3)" claim.

In *Musah*, District Judge Robert Sweet of this Court granted a motion to dismiss the

complaint brought by the defendant law office named therein with leave to amend within 20 days. Schlanger & Schlanger, LLP, co-counsel for the Plaintiff in the above-entitled action, also represents the plaintiff in the *Musah* action. Similar to the above-entitled action, the *Musah* complaint alleges violations of the FDCPA and NYJL 487 based upon attempts by a law firm to collect an outstanding debt. In particular, the law firm therein was attempting to enforce a judgment which was previously entered against *Musah*.

In both the above-entitled action and in the *Musah* action allegations of violation of 15 U.S.C sec. 1692e(3) are set forth in the respective complaints. In the *Musah* complaint it was alleged that the defendant failed to meaningfully review the court file for the purpose of learning that the judgment creditor had not filed a notice of assignment of the judgment.

In the *Musah* decision, *3 footnote 1 therein, Judge Sweet confirmed that sec. 1692e(3) does not mandate a "meaningful review" of a file by an attorney but rather simply prohibits the false representation or implication that any individual is an attorney or that any communication is from an attorney.  Judge Sweet then went on to reference that the plaintiff, in his complaint, alleged that the defendant therein was, in fact, a law office and otherwise made no allegations that the attorneys therein were not properly licensed to practice law. Thus, he concluded that sec. 1692e(3) was inapplicable to the allegations set forth in the complaint therein.

Similar to the claims in *Musah*, the Complaint filed in the above-entitled action also alleges that attorneys failed to meaningfully review a file before filing a complaint and a motion for a default judgment in a lawsuit filed in the Supreme Court of the State of New York, County of Westchester (see paragraphs 34 and 35 of the Plaintiff's Complaint). Paragraph 52(c) of the Plaintiff's Complaint alleges that this alleged failure to provide meaningful attorney review

4

supports (in part) a finding that the Defendants violated sec. 1692e(3). Furthermore, this alleged lack of meaningful review also is alleged to support a violation of NYJL 487 as set forth in paragraphs 59 through 62 of the Plaintiff's Complaint.

Similar to the complaint filed in *Musah*, the herein Plaintiff's Complaint alleges that the Defendant Rubin & Rothman, LLC is a law firm (see paragraph 8 of the Plaintiff's Complaint) and moreover makes no allegations that Rubin & Rothman's attorneys referenced in the Complaint are not properly licensed to practice law. Thus, the *Musah* decision rendered by Judge Sweet provides a further basis upon which this Court may grant judgment on the pleadings to the Defendants. By analogy, the rationale invoked by Judge Sweet to dismiss the sec. 1692e(3) is further applicable in regard to the Plaintiff's NYJL 487 claim, i.e. that the Defendant is a law firm and there is no allegation that the Defendant's attorneys are not properly licensed to practice law.

## CONCLUSION

The foregoing provides further support for granting Defendants' motion for a judgment dismissing the Complaint on the pleadings pursuant to Fed. R. Civ. P. 12(c).

DATED: New York, New York
         December 13, 2012

                                            Respectfully submitted,

                                            / s /  *Robert L. Arleo*
                                            ROBERT L. ARLEO, ESQ.
                                            Attorney for the Defendants
                                            380 Lexington Avenue
                                            17th Floor
                                            New York, New York 10168
                                            (212) 551-1115

5