

## SCHLANGER & SCHLANGER, LLP
### ATTORNEYS AT LAW

**MEMO ENDORSED**

9 EAST 40TH STREET
NEW YORK, NEW YORK 10016
TEL: 914-946-1981 FAX: 914-946-2930
DANIELSCHLANGER@SCHLANGERLEGAL.COM
WWW.NEWYORKCONSUMERPROTECTION.COM

MICHAEL SCHLANGER, ESQ.
DANIEL A. SCHLANGER, ESQ.

ELIZABETH SHOLLENBERGER, ESQ.
PETER T. LANE, ESQ.*
*ADMITTED IN NY & MA

**WESTCHESTER OFFICE**
343 Manville Road
Pleasantville, NY 10570

RECEIVED MAY 20 2013 CHAMBERS OF GEORGE A. YANTHIS U.S.M.J.

May 20, 2013

**VIA FAX (914-390-4095)**

Hon. George A. Yanthis
United States District Court, S.D.N.Y.
300 Quarropas St.
White Plains, NY 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/31/13

    Re:    <u>Paz v. Rubin & Rothman, LLC, et al.</u>
    **Index:**    11-cv-9625
    **Our File:** 30935

Your Honor:

    I, along with James Fishman, Esq. of Fishman & Mallon, LLP, represent Plaintiff in the above referenced FDCPA class action. The parties have submitted a joint motion for preliminary approval, which is *sub judice*. Pursuant to that agreement, Plaintiff has submitted an application for attorney's fees and costs, and pursuant to this Court's Order dated 4/29/13, Defendant's opposition to the fee application is due on 5/30/13.

    I write in response to opposing counsel's most recent letter to the Court, dated Friday, 5/17/13, demanding production of various additional documents and renewing his previously rejected request to depose Ms. Paz. 4/29 Order ("The application to depose plaintiff is denied.") For the reasons set forth below, opposing counsel's letter is both improper and without merit.

    As your Honor is aware, the instant action is based on false statements contained in state court collection documents filed by Rubin & Rothman on behalf of Capital One Auto Finance, LLC. Capital One is not a party to the instant litigation, and the relief to the class under the proposed agreement is monetary. The judgments obtained by Capital One against class members are not disturbed pursuant to the Settlement Agreement (nor do the class members waive any defense related to those actions). Settlement Agreement, ECF Doc. # 35, at ¶E(2).

    Opposing counsel demands that the Court order production of the retainer governing my law firm's representation of the named plaintiff, Ms. Paz in the state court collection suit brought against her by Capital One Auto Finance. At the outset, I note that this request (like the previous request to depose Ms. Paz) violates Federal R. Civ. P. 37(a)(1) and Rule 37.3(a), both of which require that a party attempt to resolve a discovery dispute without judicial assistance prior to moving the Court. Defendants once again violated these rules, having failed to contact or attempt to contact counsel for Plaintiff regarding any of the issues raised in the 5/17 letter prior to making its motion to compel. Defendants' requests must be denied for this reason alone. <u>Auto. Club of N.Y., Inc. v. Port Auth. of N.Y.</u>, 2012 U.S. Dist. LEXIS 145417 (S.D.N.Y. 2012).

---

*Handwritten memo endorsement:*

Plaintiff may supplement fee petition within 10 days of this Order. Defendants may respond to the supplementation within 10 days of receipt. So ORDERED. [signature] 5/31/13

*(Left margin stamp: MEMO ENDORSED)*

**SCHLANGER & SCHLANGER, LLP**
ATTORNEYS AT LAW

Had opposing counsel informed me that he wanted to review my firm's state court litigation retainer with Ms. Paz, I would have provided it to him. It is attached hereto as Exhibit A. Its plain terms make clear that Defendants' position lacks merit. Specifically, the state court collection defense retainer states:

> ***We will assist you in attempting to have the default judgment against you in Capital One Auto Finance, Inc. v. Hermelina Dela Paz, 31114/10, Westchester County Supreme Court, vacated and the case against you dismissed.*** *This representation will cover, if necessary, preparing and filing an Order to Show Cause to vacate the judgment, replying to any opposition papers (if the Court's schedule allows time for a reply), and arguing the motion before the Court. If the Court grants the motion but declines to dismiss the Complaint against you, our representation will also include, if necessary, filing a Motion to Dismiss (based inter alia, on lack of service), replying to any opposition papers (if the Court's schedule allows time for a reply) and, if the motion is to be orally argued, arguing the motion.* ***This retainer covers only the services listed above. For example, this retainer does not cover representing you on any appeal, nor does it cover representing you with regard to any affirmative litigation against the debt collector or collection firm, involved under the Fair Debt Collection Practice Act or other consumer statutes.***

Exhibit A at Paragraph (1)(emphasis added)[1].

The retainer agreement thus, on its face, covers only defending the collection action brought by Capital One, and does not cover any work related to prosecuting the federal action against Rubin & Rothman for violation of the FDCPA or other consumer statutes.

*Nor can opposing counsel point to a single time entry submitted as part of the pending fee application in the instant case which refers to any work done on the state court case.* For example, there is not a single time entry submitted in the fee application in the instant case relating to the drafting and finalizing of the state court Order to Show Cause, the accompanying attorney declaration, client affidavit and supporting exhibits. Likewise, there is not a single time entry relating to negotiating the dismissal of the state court action or preparing the stipulation of vacatur and discontinuance. These time entries are not found in the pending submission precisely because they relate to defense of a lawsuit against Ms. Paz, rather than prosecution of the instant class action against Rubin & Rothman, and were covered under a separate agreement. As such, my firm's time entries were compiled separately. Although the absence of any such time entries from the pending submission involving this state court work should be dispositive on this point, I attach hereto as Exhibit B my firm's separate time entries with regard to our defense, vacatur and dismissal of the state court action. These records confirm that the time spent on these tasks was not included in the pending fee application for work on the FDCPA case. In any event, to the extent that Defendants' believe that a given time entry was properly a part of the defense of Capital One v. Paz, rather than the prosecution of Paz v. Rubin & Rothman, this is a point opposing counsel can raise in its opposition to the fee application.

Moreover, in the context of a fee application for over $123,000 of work performed over an 18 month period, the amount of time in which the two cases overlapped is *de minimus*.

---

[1] All Exhibits to this letter are hereby designated Confidential.

2

**SCHLANGER & SCHLANGER, LLP**
ATTORNEYS AT LAW

Specifically, the instant case was filed on 12/28/12, and the stipulation of vacatur and dismissal of the State Court Action was signed by counsel for all parties to that action one week later on 1/5/2012. Thus, the vast and overwhelming majority of the work in the instant case occurred after vacatur and dismissal of the State Court collection defense action had been obtained.

My firm's services with regard to successfully obtaining the vacatur and dismissal of the State Court action were provided in return for a flat fee of $1500. Exhibit A at ¶ (2).[2] I have also attached a copy of the initial evaluation retainer agreement between Ms. Paz and my firm, pursuant to which she paid $200 for our initial pre-meeting review of her paperwork and our initial in-person evaluation with regard to her legal issues. Exhibit C.[3]

Defendants' conclusory statement that my firm's representation of Ms. Paz in the state court litigation or its receipt of payment for those services creates a conflict is unfounded, and tellingly, Defendants cannot articular the purported conflict. Indeed, they cite no case law on this point (or any other). Not surprisingly, precedent suggests just the opposite. Specifically, a recent 6th Circuit decision, Vassalle v. Midland Funding LLC, suggests that it was precisely by having the state court collection defense covered under a separate retainer and paid for separately that Plaintiff in the instant case avoided any unfairness to the class. 708 F.3d 747 (6th Cir. 2013) (FDCPA settlement regarding false state court affidavits unfair because named plaintiffs but not the other class members received state court dismissals *as part of class action settlement*).

Moreover, given that the Defendants have a contractual obligation pursuant to the Settlement Agreement to support approval of the settlement, they are barred from challenging my firm's or Ms. Paz's adequacy. Settlement Agreement, ECF # 35, at ¶I(2). Indeed, the Court explicitly prohibited these arguments when it ordered that the Class Action retainer agreement Plaintiff was ordered to produce "may be used only in the litigation of the motion for attorney fees and costs in the instant action, *and for no other purpose.*" 4/29 Order (*emphasis added*).

Opposing counsel's statement claims that Mr. Fishman spent too much time speaking with Ms. Paz and that various time entries are vague, whatever their merit, should be raised in Defendant's opposition, not in the series of letters he insists on sending the Court in lieu of putting in that opposition.

Nor is there anything in the attached documents that could conceivably justify "a videotaped deposition at the White Plains courthouse" of Ms. Paz. Rather, the state court collection action retainer opposing counsel seeks, which is attached hereto, confirms beyond any question just what one would hope: That the class representative contracted separately with counsel regarding defense of the state court collection lawsuit against her, and that the work performed in this regard was tracked separately and not included with the fee petition regarding her FDCPA claims separate parties. Put differently, opposing counsel's attempts to depose Ms.

---

[2] Defendants' suggests that the amount Ms. Paz paid to have counsel defend, vacate and dismiss the collection action should be determinative of the amount of attorney's fees to be awarded in the instant class action. The two are not logically connected. Defendants' request for my firm's account receivables records documenting Ms. Paz's payment of the $1500 regarding the State Court matter should be denied as both overly intrusive, and irrelevant in light of the fact that none of this time was included in the fee petition currently before the Court. Exhibit B.

[3] Time spent preparing for and attending the initial consult with Ms. Paz was, likewise, not sought in the instant fee petition. Because this work is performed prior to any determination of whether a given client will be retaining the firm on a long-term basis, time entries related to preparation and attendance of initial evaluations are typically not tracked on a case by case basis.

3

**SCHLANGER & SCHLANGER, LLP**
ATTORNEYS AT LAW

Paz with regard to work performed in the instant case were previously rejected by this Court (4/29 Order) and his attempts to depose Ms. Paz with regard to work performed (and separately billed) in the state court collection action are utterly irrelevant to the fee petition before the Court in the instant case.

*It is time for this case to come to an end.* Settlement has already been submitted for preliminary approval, and a fee application has already been submitted. Plaintiff has provided abundant documentation with regard to its entitlement to fees, including detailed time records, supporting attorney declarations, resumes of support staff, itemizations of costs, dozens of exemplars of the work performed, its retainer agreement in the instant case, and now its retainer agreement in the state court collection case brought against Plaintiff by a different party, and a copy of the state court collection defense time records, demonstrating that this work was tracked separately and that compensation for this work was not sought in the instant action.

Defendants are not entitled to additional discovery, and should be (again) ordered to put in opposition to Plaintiff's fee application. Tufano v. Riegel Trans. Inc., 2006 U.S. Dist. LEXIS 59519 (E.D.N.Y. 2006); Cmty. Tv Sys. v. Caruso, 284 F.3d 430, 437 (2d Cir. 2002), Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 308 (2d Cir. 2011). Nor should Defendants be permitted, as they have done in the past, to submit a letter in Reply, as this practice violates Local Rule 37.3(c)(disallowing additional submissions without leave of Court).

Finally, Plaintiff hereby seeks leave to supplement its pending fee petition to reflect the work necessitated by Defendants' most recent letter to the Court, as well as his previous letters to the Court dated 4/17/13, 4/19/13, and 4/20/13.

Respectfully,

Daniel A. Schlanger

cc: Robert Arleo, Esq. (Counsel for Defendants)
    James Fishman, Esq. (Co-Counsel for Plaintiff)

4