

MEMO ENDORSED

**ROBERT L. ARLEO, ESQ.**
380 Lexington Avenue
17th Floor
New York, N.Y. 10168

Telephone: (212) 551-1115                                  Fax: (518) 751-1801
Email: r.arleo@verizon.net

May 17, 2013

Hon. George A. Yanthis, Magistrate Judge
United States District Court,
Southern District of New York
300 Quaroppas Street, Courtroom 421
White Plains, New York   10601
via facsimile to: (914) 390-4095

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED  5/31/13



STRICTLY CONFIDENTIAL

Re:  de la Paz v. Rubin & Rothman et al.
     Case No. 11-cv-09625

Dear Magistrate Judge Yanthis:

    As Your Honor may recall I represent the Defendants named in the above-entitled action. Via Order dated April 29, 2013 (Dkt. No. 43), Your Honor directed the Plaintiff to produce her retainer agreement which she executed in conjunction with the above-entitled action. Your Honor further directed therein that the retainer agreement is to be used only in conjunction with the litigation of the Plaintiff's motion for attorneys fees and costs. Thereafter, the parties stipulated to confidentiality of the retainer agreement which Your Honor so ordered on May 8, 2013 (Dkt. No. 44).

    I have reviewed the retainer agreement which is entitled "CLASS ACTION AUTHORIZATION" (hereinafter "the CAA"). I include a copy of the CAA herewith. The agreement, signed by attorney Daniel Schlanger and the Plaintiff Hermalina de la Paz, sets forth that the Plaintiff shall pay attorneys fees in conjunction with the above-entitled action on a contingency basis. However, the CAA expressly excludes a previous retainer entered into by the Plaintiff and the Schlanger firm in regard to defense of the matter of *Capital One Auto Finance, LLC v. Paz*, Westchester Supreme Court, Index No. 3114. In the CAA this action is referred to as "the State Court lawsuit" (and is referred to herein as "the SCl.") The CAA then sets forth "With regard to defense of the State Court Lawsuit, the agreement entered into by Attorneys and Client dated 11/10/01 remains in full effect."

    The above-entitled action is based *entirely* upon the summons and complaint filed in the SCl. Based upon the CAA it is clear that the Plaintiff is obligated to pay the Schlanger firm separately for legal fees rendered to her in defense of the SCl. However, based upon the existence of two

*Application denied.*
*[signature] Geo. A. Yanthis*
*USMJ    5/31/13*

retainer agreements regarding two unavoidably intertwined and interrelated cases, it is undeniable that worked performed by the Schlanger firm can be deemed directly related to both the above-entitled action and the SCI.

The Schlanger firm and their co-counsel in the above-entitled action, James Fishman, have filed alleged contemporaneous time records in support of the Plaintiff's pending motion for attorneys fees and costs (the Schlanger time records are designated Dkt. No. 37-1; the Fishman time records are designated as Dkt. No. 40-1). I include herewith a copy of the first page of the Schlanger billing records. Pursuant thereto the Schlanger firm time records indicate alleged billable hours, in regard to the above-entitled action, commencing on 11/14/2011, a mere four days after the retainer agreement was executed in regard to the SCI.

As for the legal services rendered by the Schlanger firm in conjunction with the SCI. On December 15, 2011, a detailed and document-laden order to show cause was drafted and filed by the Schlanger firm seeking to vacate the default judgment entered against the Plaintiff in the SCI. A stipulation of voluntary dismissal without prejudice dated January 5, 2011 was filed therein on January 13, 2012. I forego including copies of the order to show cause and the stipulation of voluntary dismissal herewith. However, I would be happy to provide copies of same to Your Honor upon request.

Based upon the foregoing there is a serious possibility that the cross-over work performed by the Schlanger firm could result in double payment for the same legal tasks. In order to properly oppose the pending motion for fees and costs it is imperative that the Defendants obtain; 1) a copy of the retainer agreement dated 11/10/11 executed in regard to the SCI and; 2) a copy of the billing invoices tendered by the Schlanger firm to Ms. de la Paz in conjunction with the legal services rendered in regard to the SCI. The Defendants have an absolute right to compare the alleged tasks performed by the Schlanger firm in regard to the above-entitled action to the alleged tasks in the SCI. Indeed, a review of the first page of the Schlanger firm time records (Dkt. 37-1 included herewith) indicate same are extremely vague in regard to the particularity of the tasks performed. These tasks could have easily applied to the SCI.

It is further imperative for the Defendants to determine the monetary amount which Ms. De la Paz agreed to pay, and paid, to the Schlanger firm in regard to the SCI. The Second Circuit has clearly held that the presumptive legal fee boils down to "what a reasonable, paying client would be willing to pay", given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007) *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008). The amount which Ms. de la Paz agreed to pay and paid to the Schlanger firm in the SCI is indicative of that which she would be willing to pay in the above-entitled action. This amount is directly related to the presumptive legal fee (if any) in regard to the above-entitled action.

The existence of two separate retainers in regard to two separate but overlapping lawsuits also creates the possibility of conflicts of interest on behalf of both Ms. de la Paz (as to her relationship with the class) and the Schlanger firm (as to whether or not their duties to Ms. de la

3

Paz in the SCI conflicted with their duties to Ms. de la Paz and the class in the above-entitled action.).

An additional issue, caused by production of the CAA, has arisen based (in part) upon my course of researching and drafting the memorandum of law in opposition to the Plaintiff's motion for attorneys fees. The CAA was executed by Ms. de la Paz and Mr. Schlanger. There is no specific reference to Mr. Fishman in the CAA. Mr. Fishman's time records are replete with numerous references to "communications with client." In fact, Mr. Fishman alleges he committed over two and one-half hours (although some of the time is block-billed with other alleged tasks) to telephone conversations with Ms. De la Paz. In contrast, the Schlanger firm billed a total of one and one-half hours to speaking with Ms. de la Paz (other than one entry by attorney Peter Lane with describes a conversation concerning "...the status of CRA disputes and recent collection letters", each seemingly unrelated to the above-entitled action.) It is troubling that Mr. Fishman, who didn't commence billing until four months after the Schlanger firm commenced billing, supposedly spent more time conversing with Ms. de la Paz than the Schlanger firm, who executed the CAA with the Plaintiff and was the sole counsel to the Plaintiff in the SCI.

Mr. Fishman's alleged billing records regarding "conversation with client" are also extremely vague. Specifically, he does not indicate the subject of the alleged conversations. This is patently improper. *Levy v. Donald E. Powell*, 2005 U.S. Dist. LEXIS 42180 (E.D.N.Y.)(applying across the board reduction based (in part) upon entries such as "Review correspondence from client." and "Telephone conference with client.") Thus, the combination of the vague billing records, the fact that the Schlanger firm is the Plaintiff's primary counsels and the fact that Fishman did not work on the above-entitled action until four months after the Schlanger firm commenced work raises serious questions in regard to the Fishman entries concerning "conversation with client."

Based upon all of the foregoing the Plaintiff should be compelled to appear at a videotaped deposition at the White Plains courthouse. The Plaintiff should be compelled to answer questions in regard to the CAA and the retainer in the SCI, the billing records provided to her by the Schlanger firm in the SCI, the monies she paid for legal services rendered in the SCI and, importantly, the subjects of her alleged conversations with Mr. Fishman. All of these topics are imperative to the Defendants in opposing the Plaintiff's motion for fees and costs.

Thank you for your attention herein.

Respectfully submitted,

/ s / *Robert L. Arleo*

Robert L. Arleo

RLA:gra
cc: Daniel Schalnger, Esq. via personal email
    James Fishman, Esq. via personal email
    Keith Rothman, Esq. via personal email